Case number 418-0435. And it is People v. David Dunmire. And for the appellant, we have Mr. Boble. And for the appellee, we have Mr. Williams. You may proceed, counsel. May it please the court. Counsel, before you get started, Justice Kinect is our third panel member on this panel. Obviously, he's not here. He was unable to be here today. But he will be the panel member. He's going to listen to the oral arguments and we will conference with him in resolving these cases. But he won't be here today. Okay, thank you. Thank you. You may proceed. Thank you, Your Honor. Really, as I was preparing today, I kind of broke this down into two central issues. One is whether this court will reverse and remand an order of rescission based on the timeliness of the hearing, constitutional due process issue. And then the other issue is whether this court would then address any other remaining issues. And I'm going to address those two independently, trying to solve them one at a time. On the first issue of whether the untimely hearing results in rescission, I believe that the answer is clearly yes. It's an issue of constitutional concern. Due process requires a prompt hearing. People v. Schaeffer, which is an Illinois Supreme Court case, notes that the burden is on the state's attorney to ensure that the defendant receives a prompt hearing. Places that burden on the state's attorney because the state is in the best position to know the court's schedules and law enforcement schedules and other matters incident to the orderly administration of the legislation. And in this case, instead of ensuring that Mr. Dunmire had a prompt hearing, filed a motion to strike and called the petition to rescind that counsel filed a frivolous boilerplate plea. And this is the standard form pleading that is filed throughout Illinois. And despite there being no authority for the state's attorney's position on that, the trial court inexplicably granted the motion to strike. The court suggested that the filing of the form petition was to give Mr. Dunmire some leverage to deal in negotiating. It suggested that if you want a real hearing, you need to file a detailed petition that cites specific facts. And that's what we did. On page 5 of the state's brief, the state acknowledged that the trial court's grant of the motion to strike was an abuse of discretion. The defendant filed the amended petition to rescind, nine pages laying out all the facts. And the state got what it's asked for. And instead of proceeding with the hearing within the time period, asked for a continuance beyond the 30 days. And the brief filed by the state appellate prosecutor acknowledged this defendant is entitled to rescission of the summary suspension hearing of his driver's license because his rescission hearing was not held within 30 days after he properly filed his written request. Were you trial counsel? I was, Your Honor. This is totally unrelated, I guess. Actually, it's related but unrelated. Was this a new assistant state's attorney? No, he's an elected state's attorney. He's a former police officer. I don't believe they have an assistant state's attorney. Is he a newer lawyer, though? I don't believe so. He carries himself with a lot of confidence. A new judge? No, Judge Cherry has been around, I don't like to guess ages. I told my dad he was... No, no, no, no. Judge Cherry has been around for a long time. This courthouse sits on the corner of Cherry Street and Hill Street. Judge Cherry, I don't know if they're named after these gentlemen, but it certainly feels like you're being homework when you show up and the courthouse is on the corner of the judge and the state's attorney. And you're from that county, right? I don't think they're related. No relation, okay. It's just coincidence. That's interesting. I don't know. But anyway, even though the state conceded that the rescission should happen, that doesn't entirely end the issue. The state filed a petition or motion to file a supplemental brief to address the issue of mootness and in doing so, actually then readdressed the concession on another issue and suggested that Mr. Backed away from the concession, I guess. Said that if the defendant only raises, whether he refused or not, whether he was warned or not, those four grounds, he gets the 30 days. But the argument was that if he raises constitutional issues, such as the Fourth Amendment, then due process doesn't apply as strictly, which seems completely backwards for me. To me, it seems that if you're raising a Fourth Amendment, I mean, that runs right in the face of people v. Kruger, which says you absolutely get to raise Fourth Amendment issues at suspension hearings, because we're not going to allow police and prosecution to be rewarded for violating the Fourth Amendment. So there is no explanation for, and no case law to support that position, and Kruger says that it's not. And then we turn to the issue of mootness. Mootness actually comes up twice in this oral argument. Mootness, one, on the issue of whether this appeal is moot because Mr. Dunmire's suspension is over. Clearly, as you indicate, there are consequences. There are consequences, and the state doesn't cite any cases, any summary suspension cases on the issue of mootness. There is actually an appellate court decision on the summary suspension mootness issue, and that's people v. Anderson. And it says, the court said, I believe the Second District says, we recognize that an argument could be made that this is moot. I hate when I do that. It doesn't say that it actually is moot, but it says if it is, we're still going to reach it by finding an exception to the mootness. So it's not moot, and then as you recognize, there's lots of consequences to a suspension license. So I started out today saying there are two issues. I think the first issue is clear. This precision is appropriate. The second issue, and I recognize that this is a much more difficult issue, is does the court then have any reason to address any of the other issues that were briefed? And I understand that most of the time, if the appellate court says, we're going to rule on this issue, we don't have to reach those other issues. And we say that they're moot. We don't have to, and many times we shouldn't, because we're not to issue advisory opinions. Correct, and I recognize that. However, there's an exception that's recognized, and that is, just so I don't lose my train of thought on this, there was the traffic stop based on tinted windows at night by an untrained officer, not trained on the issue of tinted windows. And the evidence in that was not from other sources. It was evidence from the officer himself on his training. You have a 45-minute unreasonable delay, and this isn't coming from any other sources. This is from, uncontroverted, from the officers themselves. And then you have the Cladis issue, where the second officer shows up to redo field sobriety tests, has the ability to preserve the tape, realizes he hasn't, realizes he has 40 hours to then fix that mistake, and chooses to not preserve this video. So those are the issues that are also potentially before this Court, but would at first blush potentially look like an advisory opinion. Here's how I think that the Court can reach this, and I'll just be straight up honest. This is selfish on my part, because this case is still in a holding pattern. Judge Cherry has stayed the DUI case. The DUI case is stayed because the Court recognizes that rulings from this panel could influence his decision, and he doesn't want to have another inconsistent rule. How to get there. The public interest exception, which doesn't fit perfectly, talks about a matter that is of a public nature, need for appellate guidance. So public nature, Fourth Amendment violations are absolutely public. Officers who don't record traffic stops and know that there's a law that says they should, those are matters of public nature. Clearly, at least down where I practice, you know, Christian County, Winchester, there's a need for appellate guidance, because whether I'm wrong or they're wrong, there's some, someone from here needs to help us out the sticks, know what to do. And then the third on that is the likelihood of future recurrence, and this isn't going to be the last time that there's a Fourth Amendment violation, and not the last time that an officer doesn't record a traffic stop. So these are matters that the Court could address there. I argued for an extension of the law, which, again, I recognize is an unusual request, because usually you cite cases and say, well, that's how they did it the last time. But the request that I've made here is a corollary, and that's to deter prosecutors from violating the due process rights of defendants. This is an unusual case where you have a state's attorney who goes out of his way to ensure that a defendant did not have a timely hearing. And there's a wrong, and the remedy here isn't much. He gets $250,000 back, and he gets something removed from his record. The DUI case is still pending. Under these unusual circumstances where the Court can craft a rule and say that we are going to address these other issues, it's a matter of public concern. This is a matter that is likely to continue, and I've briefed that on why this corollary is a matter that is likely to continue. And prosecutors and defense attorneys, we all need guidance from the appellate court. And on those four issues noted above, I'm cognizant of the fact that the state has argued that Judge Cherry ruled that you didn't even make a prima facie case, so you didn't shift the burden. And the theory is that, well, had you shifted the burden, then the state could have put on some additional evidence. But practically, realistically, and honestly speaking, this wasn't a situation where I called Mr. Dunmire and didn't shift the burden so the state doesn't need to call its traffic officers. My evidence came. All the evidence is undisputed and came directly from the officers. So this court has everything in front of it that it needs to rule on any number of those issues before it. And as I briefed, I think you were all very clear cut. But again, I tend to trail off and I apologize. I think that's all I have to say. Thank you. Thank you, counsel. You will have additional time on rebuttal if you so desire. Mr. Williams. May it please the court. Counsel, my name is James Ryan Williams, and on behalf of the state's attorneys and fellow prosecutors, it is my privilege to represent the state before this honorable court. In this case, back in September, the defendant submitted a briefing raising two arguments seeking rescission of the summary suspension of his driver's license. First, he argued that the rescission hearing was untimely, and alternatively that the trial court's finding that he failed to make a prima facie case for rescission was against the manifest weight of the evidence. Then just over a week after the filing, the summary suspension lapsed, and according to subsequent representations, the defendant's license has since been reinstated. So it seems then that the question before the court now is whether this case is moot, and if so, whether any of the exceptions apply. Now, to that end, I would like to sincerely apologize both to counsel and to this court for overlooking the mootness issue and for any additional work that I may have occasioned based on my oversight. Now, as to the question of mootness, the defendant argues that this appeal is not moot because this court can still grant effectual relief that could have a direct impact on the rights and duties of the parties. Essentially, the defendant seems to believe that a favorable ruling as to any one or more of the various Fourth Amendment grounds for rescission that he argued would somehow serve to have a sort of res judicata or other impairing effect on the underlying criminal prosecution. However, there are multiple problems with the defendant's argument. First of all, and of course assuming that this court agrees with our assessment as to the untimeliness of the hearing, I don't really see how this court can get to the merits. We've conceded that the hearing was in fact untimely, the remedy for which is rescission of the summary suspension. So even if this case is not moot, there is a straightforward procedural grounds for giving the defendant the relief that he seeks. Second, even if this court does reach the merits, the defendant has provided no authority, nor could I find any authority, that a favorable ruling in a civil appeal such as this can in any way affect the underlying prosecution. Third, even if this court does reach the merits, the state would respectfully submit that the defendant's arguments fail on the merits on each Fourth Amendment ground for rescission. And unless this court would like to specifically discuss any of those, the state would just rely on its briefing as to each. Finally, and perhaps most importantly, even if this court were to reach the merits, and even if the defendant were to prevail on any one or more of the Fourth Amendment grounds for rescission, that would really only mean that he had presented a prima facie case for rescission, meaning that he had produced some evidence of a Fourth Amendment violation. Well, even if he had produced some evidence of a Fourth Amendment violation, that doesn't mean that it's sufficient evidence to prevail at a subsequent suppression hearing, which seems to be where these arguments are going. But further, even if it was sufficient evidence to prevail at a subsequent suppression hearing, it certainly doesn't mean that this court should, or even can, usurp the trial court's role in addressing that matter in the first instance. So just ultimately, I just don't believe that even a favorable ruling on any of the Fourth Amendment grounds for rescission can have any sort of impairing effect on the underlying criminal prosecution, nor could it otherwise have a direct impact on the rights and duties of the parties. So basically, you're suggesting that if we accept your concession, we basically reverse the statutory summary suspension that he served, which of course you can't get back to time, but beyond that, then counsel would go back to the trial court level and file any motions he deemed appropriate on other issues in the case and move forward without this court commenting on any of those things. Yes, exactly, Your Honor. And, you know, to that end, I just want to briefly note, excuse me, address a comment that counsel made with respect to the motion to supplement. I just want to clarify, I wasn't there in any way trying to back off of the concession that this did appear, based on my assessment as well as his, that this was an untimely hearing. I'm not backing off the concession at all. Really, I was just trying to explain, and I hope it was clear, at least to this court, that, you know, given the fact that I believe, if I'm not mistaken, I think three of the four grounds that he asserted, Fourth Amendment grounds for rescission, given that those were, you know, non-statutory, and given that, you know, this whole statutory scheme is really based on limited grounds, and here we're going outside of that. Now, I'm not at all suggesting that that in any way actually as a matter of law justifies the untimely hearing. Certainly not. All I'm really trying to suggest, frankly, just to be clear, what I was doing was addressing counsel's assertion that this was some unscrupulous, you know, calculated tactic by, you know, the state's attorney here. I was really just trying to address and demonstrate that his actions below in seeking the continuance to, you know, take time to address really a very thorough petition to rescind, that that was not at all a reasonable action and certainly not indicative of any sort of, again, it was an error. It was an error. I would concede that. But I'm really just trying to point out that this was not any calculated tactic to deny due process, which I think was basically the claim from the defendant. Well, we really don't know, right? Oh, we certainly don't know. I just think that factually, you know, perhaps it was. I don't really know what was going on below, of course. But I just think that factually, given the circumstances, the pleadings that he faced, I think he was just doing really the request for a continuance. I mean, bear in mind, this was based on the presumptive validity of the trial court's ruling, right? So the state files the motion to strike. The court grants it. I believe it probably, based on my research anyhow. And then based on the presumptive validity of that ruling, the state reasonably believed it had 30 more days. It requested a continuance of the matter within that new 30-day period, which given that the motion was improvidently granted, the hearing was then ultimately held just outside the 30-day period. So again, I think that there were just some mistakes made below, but I really don't think that it's necessarily fair to attribute any sort of unscrupulous motivations to any of the decisions that were made. And so ultimately, that was really the main goal I was trying to convey with respect to the motion and then my subsequent brief. So again, it wasn't backing off of our concession that it did appear that the hearing wasn't timed. Now, with respect to the exceptions to mootness, you know, based on my reading of the briefing, and I could be mistaken, but it seemed like the defendant's arguments that the case is not moot were more directed at basically this Court's ability to reach the Fourth Amendment grounds. When it comes to the actual exceptions to mootness, it seemed as if the defendant kind of shifted gears, so to speak, and then focused those more on reaching the untimeliness grounds. In any event, he argues that two of the three exceptions to mootness apply, that being the public interest exception and the collateral consequences exception. Now, the public interest exception requires the defendant to make a clear showing of all three different criteria, and those include that the question is of a public nature, that there's need for future guidance, and that the issue is likely to reoccur. Now, as to the first one, that it's a question of public nature, this requires the defendant to clearly establish that the issue is either of sufficient breadth or that it has a significant effect on the public as a whole. And here, in my opinion, we're dealing with quite narrow and isolated circumstances, which I just addressed of basically this confusion that happened below, as to the trial court's erroneous granting of the motion to strike, and then the request to continue the matter, which happened to end up ultimately being just outside the 30-day period. And so based on the narrow and isolated nature of these facts, I believe that this is not a question of sufficient breadth or that it has a significant effect on the public as a whole, such that the first criterion is disposed of. And similarly, I think that that would also dispose of the third criterion, that this is a factual situation or an issue that's likely to reoccur. And then to that end, I disagree that this is a matter that we really need guidance on, because frankly it seemed that the law was quite clear, at least in my assessment, that the state has a duty to ensure that this hearing is held within 30 days of the defendant properly filing his written request for hearing. Again, mistakes were made below, but nonetheless it seems that the law is quite clear on that point. And so I don't believe that the defendant is able to make a clear showing as to all three of these criteria as required. Now, with respect to the collateral consequences exception, this applies where the defendant has suffered an injury that's traceable to the state and is likely to be redressed by a favorable decision. Now, initially the defendant just basically asserted that this exception applies without really explaining or giving any specific examples, which I pointed out in my supplemental brief. And then he responded with numerous examples, which included the $250 reinstatement fee, the loss of first offender status, which apparently has value in the event of a subsequent arrest, allegations of possibility of increased insurance rates or difficulty finding a job or difficulty getting a pilot's license. Now, first of all, I don't believe it's really clearly established that any of these are applicable in this case, as to this particular defendant. And even if they are, the defendant has not provided any authority that these are indeed accepted collateral consequences that justify application of the exception. But ultimately, you know, even if these are in fact collateral consequences that allow this court or require this court to review this otherwise moot case, again, circling back, it appears that this court really needs to only address the untimeliness of the hearing, which again, we've conceded, because it appears that there's really no value in rendering a decision on the Fourth Amendment grounds of why rescission may have otherwise been warranted. And unless this court has any further questions? I don't see any. Thank you, counsel. Thank you for your time, Your Honor. Any further argument, Mr. Goble? At this point, I don't have any further questions. I just want to bring up one point. I think counsel did a nice job and tries to frame this as a narrow and isolated issue and tries to say that this is just some confusion below. I think it then follows that up with stating that in his assessment, the law was very quite clear. So that's where, maybe creatively, maybe the fact that I'm not here very often is why I came up with that. Corollary to this published public interest exception is that under these unique facts, it is appropriate to reach some of these other issues. Isn't that kind of the problem, though, with Fourth Amendment issues? Almost all Fourth Amendment issues are fact-specific. So how do you come down with a specific ruling in this case, in the manner you're asking, that is going to address any other case except this one? Right. So the way it is approached is to say, normally we would not address two issues because if one of them is good enough, that's enough. But in this situation, we are going to address one or more of these Fourth Amendment issues, even though rescission is already granted. Recognizing that Fourth Amendment issues are fact-specific, the piece that makes it unique is that we are addressing this anyway. And then once you get there, then you can address those specific facts because the facts are there. Once you get there, you have to meet the exceptions. Right. It's not a public interest if it's just interesting to you. The Fourth Amendment is what makes it a public interest. Those are fact-specific. Fourth Amendment issues are pretty fact-specific. Circumstances are. So it's not going to impact the public. What impacts the public is the ruling from this Court that says, when a state's attorney engages in conduct, how well have you developed that in simply a summary suspension hearing? Why would it not be of greater benefit to you to be entitled to? Counsel argues there was no nefarious reason or purpose. Wouldn't it be of better benefit to you to be able to take it back to the trial court, fully investigate that issue, fully address the issue through the testimony of witnesses, direct and cross-examination, proper pleadings, and then, if perhaps you're unsuccessful. You have until the red light. Okay. If you're perhaps unsuccessful, if it's a Fourth Amendment violation, it's still going to come back up here and we're still going to address those Fourth Amendment issues. Right. To answer that question, I think that if I was not trial counsel, I wouldn't be able to answer that bullet. But having been trial counsel, the facts are the facts. There's two witnesses, two law enforcement officers. There's extensive testimony on this issue. There are no other witnesses that could be called. And perhaps the ruling is, if this is all there is, if these are the only facts there are, then we're addressing the Fourth Amendment issues and the CLADIS issue. If there's something else, then address it in a summary suspension hearing. And I completely recognize that I'm asking for an unusual ruling from this court. But I think unusual circumstances sometimes call for unusual rulings. Thank you. Thank you, counsel. We'll take this matter under advisement and be in recess.